**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

STEPHANIE WEDRA, individually on behalf of
herself and on behalf of all others similarly situated.

               Plaintiff,

v.

CREE, Inc.

               Defendant.

---------------------------------------------------------------- x

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## CLASS ACTION COMPLAINT

1.    Plaintiff Stephanie Wedra ("Plaintiff") files this Class Action Complaint on behalf of herself and all others similarly situated, by and through her undersigned attorneys, against Defendant CREE, Inc. ("Defendant" or "Cree"), and alleges as follows upon personal knowledge as to herself and her own acts and experience and, as to all other matters, upon information and belief based upon, among other things, investigation conducted by her attorneys.

## NATURE OF THE ACTION

2.    Plaintiff brings this class action individually and on behalf of the class defined below (the "Class") against Defendant to obtain damages and declaratory relief. This class action is brought to remedy violations of law in connection with Cree's unfair and deceptive practice of, among other things, promising consumers that its LED lightbulbs (the "LED

Lightbulbs" or "Products") will last for particularly long periods of time, in some cases up to 35,000 hours. These longevity representations are prominently made on the principal display panel of the Lightbulbs and are viewed by every consumer at the point of purchase. In reliance on those representations, consumers paid and continue to pay a premium for the LED Lightbulbs.

3.      The front of label representations, which promise longevity for far longer than the Lightbulbs actually last, taken in conjunction with Cree's marketing scheme, far out-promise the actual life of the lightbulbs.

4.      Furthermore, through a uniform scheme and common course of conduct, Cree markets the LED Lightbulbs on its website, product packaging, marketing literature and through retailers, claiming that "[W]e know people prefer better light, and we believe you should not compromise when it comes to the light in your home. That's why we designed no compromise, full featured LED bulbs. . . ."

5.      Cree's packaging offers a "100% Satisfaction Guarantee" for LED Bulbs and an estimated lifetime of between 15-32 years depending on the product. The packaging further promises an estimated yearly energy cost savings ranging from around $0.60 to $2 per bulb per year. Cree packaging also trumpets a "10 Year Warranty." On information and belief, Cree offers this Warranty in order to position itself as a premium product on the market.

6.      Cree's warranty representations on the website boast "What's even better than a product that claims to be superior? How about standing behind that promise with one of the strongest warranties in the industry. Cree LED Lightbulbs don't just come with a promise of a better experience. They come with a 10 year 100% satisfaction guarantee." This and similar representations reinforce Cree's overall marketing message that the LED Lightbulbs have a lengthy lifetime, last longer than competitor lightbulbs, and last longer than their actual life.

7.    Cree's marketing efforts are made in order to—and do in fact—induce its customers to purchase the LED Lightbulbs at a premium because consumers believe the Lightbulbs will last for far longer than their actual life.

8.    Cree's marketing of its LED Lightbulbs suggests to a reasonable consumer that the LED Lightbulbs will last longer than its competitors' lightbulbs.

9.    The lifespan of the LED Lightbulbs is material to a reasonable consumer.

10.    To the detriment of the consumer, Cree's claims regarding the longevity of the LED Lightbulbs are false.  The LED Lightbulbs do not last nearly as long as advertised.

11.    Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class would not have been willing to purchase the Products or they would have paid less for them.

12.    Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products.

13.    Plaintiff and the Class members all paid money for the Products.  However, Plaintiff and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions.  Plaintiff and the Class members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products.  Consequently, Plaintiff and the Class members have suffered injury in fact and have lost money as a result of Defendant's wrongful conduct.

14.    Cree's customers in New York and across the nation have been cheated out of millions of dollars based on Cree's false promises.  As a result, Plaintiff and members of the Class incurred damages.  Plaintiff seeks recovery for Defendant's unfair and practices in violation of New York's consumer protection laws, as well as Defendant's breach of warranty

and common law violations.

## JURISDICTION AND VENUE

15.     This is a class action commenced by Plaintiff on behalf of herself and all others similarly situated members of the proposed Class defined below.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant has advertised in this district and division and received substantial revenues and profits from the sales of the LED Lightbulbs in this district, and because a substantial part of the events and/or omissions giving rise to the claims occurred within this district.

17.     This Court has personal jurisdiction over Defendant because it has conducted substantial business in this judicial district, and intentionally and purposefully directed the LED Lightbulbs into the stream of commerce within this district and throughout New York and the United States.

## PARTIES

18.     Plaintiff is an individual consumer who, at all times material hereto, was a citizen and resident of Westchester County, New York.

19.     Defendant Cree is an organization incorporated in North Carolina, with its principal place of business at 4600 Silicon Drive, Durham, in Durham County, North Carolina. Defendant transacts or has transacted business in New York and within this district, as well as throughout the United States.  At all times material to this Complaint, acting alone or in concert

4

with others, Defendant has advertised, marketed, distributed, or sold the LED Lightbulbs to consumers throughout the United States, including in this district.

## FACTUAL ALLEGATIONS

20.     It used to be that consumers did not have a great many choices with respect to purchasing lightbulbs—60-watt incandescent bulbs were the norm.  However, incandescent bulbs wasted significant amounts of energy.  This spurred the development of energy-saving compact fluorescent lamps (CFLs), fluorescent lamps designed to replace incandescent lamps. LED (light emitting diode) bulbs were introduced to the market relatively soon after CFLs and, because they are even more energy-efficient than CFLs, they quickly overtook their market share.  Indeed, LED bulbs are now mostly considered as the mainstream light source while incandescents are in the process of being phased out.

21.     Incandescent bulbs typically last between 1,000 and 2,000 hours, and CFLs typically last about 10,000 hours.  By contrast, LED replacements are routinely quoted as having lifespans of 25,000 to 50,000 hours.  Purportedly long lifespans, and the reduced power used to create the same amount of light, is what makes this technology so promising and induces consumers to purchase LED Lightbulbs.

22.     Cree's LED bulbs are sold with packaging indicating that the bulbs come with a 10 Year Warranty and/or are "100% Satisfaction Guaranteed."  Furthermore, the packages all contain representations regarding estimated lifetime use and energy saving, indicating that the bulbs will save consumers money in the long term despite their high purchase price point.  These representations signal to the customer that the useful life of the product will be at least 10 years or more.

23.     Furthermore, Cree packaging boasts that their bulbs have a life of as much as

"45+ years" or more depending on the bulb:





24.     Cree has created an overall marketing scheme that overpromises the longevity of the Lightbulbs.  Specifically, the longevity representations (i.e. 45+ years), the 100% satisfaction guarantee, the comparative statements in regard to other light bulbs, and the other marketing and advertising of the Lightbulbs detailed herein, collectively signal to the consumer that the bulbs will significantly outlast traditional incandescent bulbs.

25.     Unfortunately, this is not true.  Independent testing, as well as the experience of Plaintiff and numerous consumers, demonstrate that Defendant's lightbulbs burn out far more quickly than advertised, sometimes within a matter of weeks or months.

26.     Cree manufactures three categories of LED bulbs:  Standard A-Type, Reflector (Flood/Spot), and Specialty.  On its website, Cree claims with respect to each type of LED Lightbulb that "the Cree LED bulb is designed to create comfortable living spaces with better colors… [D]esigned to last more than 22 years (25,000 hours), the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee."

27.     Defendant manufactures six types of Cree Standard A-Type LED bulbs: a 40 Watt Replacement, 60 Watt Replacement, Connected 60 Watt Replacement, 75 Watt Replacement, 100 Watt Replacement, and 3-Way Replacement.

28.     Cree's website and marketing materials claim with respect to its 100 Watt Replacement Standard A-Type bulbs that "[u]nlike some others, Cree doesn't compromise," and "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."

29.     Furthermore, Cree claims with respect to its 40/60/75 Watt Standard A-Type LED bulbs that "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

30.     Cree's website and marketing materials also claim with respect to its Connected

60 Watt Replacement bulbs that they feature a "25,000-hour lifetime compared to about 1,000 hours for a typical incandescent."

31.     The Cree Reflector (Flood/Spot) products come in at least eight variations including: a 75 Watt Replacement Flood, a 65 Watt Replacement Flood, 100 Watt Replacement Flood, 85 Watt Replacement Flood, 120 Watt Replacement Flood, 120 Watt Replacement Spot, 75 Watt Replacement Bright Flood, 75 Watt Replacement Bright Spot, Downlight 55 Watt Replacement, Downlight 65 Watt Replacement, and Downlight 100 Watt Replacement.

32.     All of the Reflector series bulbs advertise a "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."  The only exceptions are the Downlight 55/65/100 Watt bulbs which advertise "Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs."

33.     The Cree LED "Specialty" line comes in at least two varieties, the 25 Watt Replacement Candelabra and the 40 Watt Replacement Candelabra, both of which advertise "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

34.     In addition to the claims about longevity, each Cree product makes a claim about an "estimated" cost savings for the purchaser buying the product, which range based on the cost of the product and the advertised lifespan for the LED lights.  For example, the 55 Watt Replacement Downlight advertises an estimated savings of $177 per bulb, and a yearly energy cost savings of $1.08.  The 100 Watt Replacement Standard A-Type bulb advertises a Lifetime savings of $138 with a yearly average energy cost savings of $1.99.  The 40 Watt Replacement Standard A-Type bulb advertises a lifetime savings of $95 and a yearly energy cost savings of $0.66.

35.     Cree further entices consumers by asserting that "[w]hen you buy an LED bulb,

you expect it to be in your home for a long time.  Cree does too.  That's why Cree designs and tests its bulbs to last longer, with rated lifetimes equal to or exceeding Energy Star minimum requirements.  Most Cree LED bulbs are rated to last 25,000 hours.  So, you'll be happy to have beautiful Cree LED light in your home for decades."

**Defendant's Label Misrepresentations**

36.      Defendant's misrepresentations within advertisements and marketing include, but are not limited to, the following:

- Defendant's labels advertise that the Products have long lifetime of at least 13+ to up to 45+ years.

- Defendant's labels indicate that the Products have a 10 Year Warranty and are 100% Satisfaction Guaranteed.

- Defendant's labels indicate that the Products will save consumers hundreds of dollars per bulb of energy costs over the useful lifetime of the product.

**Defendant's Advertising and Marketing Misrepresentations**

- "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."

- "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

- "Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs."

- "[D]esigned to last more than 22 years (25,000 hours), the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee."  The LED general purpose bulbs "last up to 25,000 hours, equal to 25 incandescents."

- "25,000-hour lifetime compared to about 1,000 hours for a typical incandescent."

- "Most Cree LED bulbs are rated to last 25,000 hours.  So, you'll be happy to have beautiful Cree LED light in your home for decades."

37.      In addition, the various lifetime savings estimations asserted by Defendant in its advertising are illusory and incorrect.

38.     Through the advertisements described above and others, Cree represented, directly or indirectly, expressly or by implication, that the LED Lightbulbs would last for specified periods or lifespans.  These representations are false.  The Lightbulbs do not in fact last for the advertised time or lifespan.

**Online Consumer Complaints**

39.     Evidencing the impact of Cree's plan and scheme, numerous Cree customers from multiple states have lodged complaints online.  Consumers regularly complain that they were lured by Cree's representations of the lifespan of the LED Lightbulbs but the Lightbulbs failed well before the promised time frame.

40.     Set forth below is a small sample of customer complaints made on the internet regarding Defendant's fraudulent scheme:

- Has anyone else had issues with the Cree 60 watt equivalent soft white bulbs that home depot sells?  Out of the 1st four pack I bought, 1 went bad in about 3 months.  I got 15 more from Duke energy at reduced prices and 3 of them have gone bad.  Two I have yet to open so out of the 17 used, 4 have gone bad.  That a 24% failure rate on a 10 year warranty bulb in a matter of months.

- Most have gone bad with reduced output and some flash at reduced output.  One was flashing and I actually her it pop inside and it went dark.  It's definitely the electronics as all the LEDs still worked.  These are all in open bathroom fixtures by the way.[1]

- CREE has really, really stepped down quality.  I bought 2 CREE daylight LED bulbs and two months after putting them in the rubbery coating they had on . . . the plastic globe around the diodes started to crack and flake off.  The fixtures still worked, but the coating eventually all flaked off.[2]

- Man, I was so happy with these things... up until they started going out.  I bought a bunch of these (qty. 10) less than 2-3 months ago.  So far 4 of them have burnt out already.  They start flickering and with a pop or a fizzle, they are gone.

---

[1] http://www.dslreports.com/forum/r29858942-Rant-CREE-LED-Bulbs-going-bad.

[2] *Id.*

I have since switched over to Philips in hopes that they will last longer.

What sucks is the warranty for these is such that you have to have the original boxes, a store receipt, and pay to ship them to them for review when they go out. Who keeps the packaging?  Especially when they boast a crazy long life warranty. Guess I should have known, too good to be true right?[3]

- Great at first but both ones I bought started strobing after only a year and had to get rid of them.  Not anywhere hear the rated life I expected.[4]

- Was a beautiful light for about 3 weeks, after which point it burnt out.  I've never had a bulb in a simple desk lamp burn out so quickly.[5]

- I bought 7 of the BR30 lamps 5/24/15 and already 3 of them have failed.  Sending the lamps to Cree rather than Home Depot (who was the only re-seller of the lamp) seems designed to deter anyone from using the warranty.  I purchased 6 GE reveal branding LED BR30s at the same time and not one has failed.  I have a 2700sq/ft home with all LEDs lamps from several other brands (including walmart store brand level).  So far only these CREE branded bulbs have failed.  I have very little faith that the remainder of the bulbs will last much longer.  Very disappointing.[6]

## INDIVIDUAL PLAINTIFF FACTS

41.     Plaintiff is a resident of Westchester County, New York, who purchased 60 Watt and 75 Watt Cree LED lightbulbs from Home Depot during the class period.  Prior to purchasing the bulbs, Plaintiff reviewed the representations on the label which promised that the bulbs would last a certain amount of time, and which compared Cree bulbs to other LED and non-LED light bulbs.  Those representations include, but are not necessarily limited to, representations that: (1) the bulbs would last 22+ or 45+ years; (2) Plaintiff would save upwards of hundreds of dollars per bulb over the lifetime of the bulbs; and (3) the bulb would perform better than other-

---

[3] https://www.amazon.com/gp/customer-reviews/R3NMC4TJ8AAE3U/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS.

[4] https://www.amazon.com/gp/customer-reviews/R29EY7QY334JCL/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS.

[5] https://www.amazon.com/gp/customer-reviews/RTB8E4XK8T1HV/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS.

[6] https://www.facebook.com/atka1971/posts/10156193064939672:0.

less expensive LED and non-LED bulbs.  In addition, Plaintiff viewed some internet

advertisements by Cree prior to purchasing the bulbs that contained representations that the bulbs

would last longer, use a fraction of the energy of incandescent bulbs, and save Plaintiff money.

42.     Plaintiff relied on these representations, and in doing so decided to purchase the

LED Lightbulbs.  Were it not for the marketing representations made by Defendant that she

relied upon, Plaintiff would not have bought the LED Lightbulbs, or would not have paid a

premium price for them.  The LED Lightbulbs burned out within six months of Plaintiff's

purchase, despite Plaintiff having used them appropriately.

43.     Through its misrepresentations Cree was able to charge a premium for the

Products over what it would have been able to charge had it not misled Plaintiff and the Class.

44.     Plaintiff would not have purchased the Products, or would not have paid what she

paid, had she known Cree's representations regarding longevity were false and deceptive.

## CLASS ALLEGATIONS

45.     Plaintiff brings this suit as a class action on behalf of herself and all other

similarly situated Cree customers pursuant to Fed. R. Civ. P. 23.  Plaintiff seeks to represent the

following Class:

> All persons in New York who purchased the LED Lightbulbs during the
> applicable limitations period.  Excluded from the Class are (a) any Judge
> or Magistrate presiding over this action and members of their families; (b)
> the Defendant and its subsidiaries and affiliates; and (c) all persons who
> properly execute and file a timely request for exclusion from the Class (the
> "Class").

46.     Plaintiff reserves the right to re-define the Class prior to moving for class

certification.

47.     The exact number of Class members is unknown as such information is in the

exclusive control of Defendant.  Plaintiff, however, believes that the Class encompasses

thousands of individuals who are geographically dispersed throughout New York.  Therefore, the number of persons who are members of the Class described above are so numerous that joinder of all members in one action is impracticable.

48.     Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendant's complained of herein were generally applicable to the entire Class.  These legal and factual questions include, but are not limited to:

a.     The nature, scope and operations of Defendant's wrongful practices;

b.     Whether Defendant marketed, designed, manufactured and sold LED Lightbulbs into the stream of commerce which do not last as long as their represented and/or warranted life span and do not provide the promised costs savings;

c.     Whether the LED Lightbulbs prematurely fail before their represented and/or warranted life span;

d.     Whether the LED Lightbulbs are capable of and provide the costs savings promised and represented by Defendant over the represented and warranted life span for the Products;

e.     Whether Defendant knew and failed to disclose that the LED Lightbulbs were not durable and long lasting as they represented, promised and warranted and instead would fail well before their projected life span;

f.     Whether Defendant knew and failed to disclose that LED Lightbulbs were not durable and long lasting as they represented, promised and warranted, and as such, the consumer would not achieve or realize the promised cost savings over the warranted life span for LED Lightbulbs;

g.     Whether Defendant engaged in unconscionable, deceptive, misleading and/or fraudulent conduct and/or practices with respect to the sale of the LED Lightbulbs or processing and handling of warranty claims;

h.     Whether Defendant misrepresented, omitted or concealed information regarding the characteristics, quality, serviceability or longevity of the LED Lightbulbs;

i.     Whether Defendant's marketing of the LED Lightbulbs was false, deceptive, and misleading to a reasonable consumer;

j.     Whether Defendant's conduct violated New York law and whether based on the substantial connection between the wrongful conduct in question and Defendant's operations in New York, whether such law can be applied to the claims of all Class Members;

k.      Whether Defendant's conduct constituted a breach of applicable warranties and/or gives rise to common law claims;

l.      Whether, as a result of Defendant's actions, omissions and/or misrepresentations of material facts related to the LED Lightbulbs, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value; and

m.      Whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

49.      Plaintiff's claims are typical of the members of the Class because Plaintiff and Class were injured by the same wrongful practices.  Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Class, and are based on the same legal theories.  Plaintiff has no interests that are contrary to or in conflict with those of the Class she seeks to represent.

50.      Questions of law or fact common to Class predominate.  A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class is economically unfeasible and procedurally impracticable.  While the Class members' aggregate damages are likely to be in the millions of dollars, the individual damages incurred by each Class member are, as a general matter, too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting separate individual claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  Certification of the Class under Rule 23(b)(3) is proper.

51.      Classwide relief concerning Plaintiff's rights under the laws herein alleged and

16

with respect to the Class would be proper.  Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

## TOLLING OF STATUTES OF LIMITATIONS

52.   <u>Discovery Rule</u>:  Plaintiff's and Class members' claims accrued upon discovery that the LED Lightbulbs did not have the useful life advertised by Defendant.  While Defendant knew, and concealed, these facts, Plaintiff and the Class could not and did not discover these facts through reasonable diligent investigation until after they experienced the bulbs' failure.

53.   <u>Active Concealment Tolling</u>:  Any statutes of limitations are tolled by Defendant's knowing and active concealment of the facts set forth above.  Defendant kept Plaintiff and all members of the Class ignorant of vital information essential to the pursuit of their claim, without any fault or lack of diligence on the part of Plaintiff.  The details of Defendant's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and the Class, and await discovery.  Plaintiff could not have reasonably discovered these facts, nor that Defendant failed to disclose material facts concerning its performance.

54.   <u>Estoppel</u>:  Defendant is and was under a continuous duty to disclose to Plaintiff and all members of the Class the true character, quality, and nature of the product.  At all relevant times, and continuing to this day, Defendant knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Products.  The details of Defendant's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and the Class, and await discovery.  Plaintiff reasonably

relied on Defendant's active concealment.  Based on the foregoing, Defendant is estopped from relying on any statutes of limitation in defense of this action.

55.    <u>Equitable Tolling</u>:  Defendant took active steps to conceal and misrepresent material facts relating to the Products' performance.  The details of Defendant's efforts are in its possession, custody, and control, to the exclusion of Plaintiff and the Class, and await discovery. When Plaintiff learned about this material information, she exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing her claims.  Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

**<u>COUNT I</u>**
**VIOLATION OF NEW YORK GBL § 349**

56.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

57.    New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

58.    The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the Class Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining it from inaccurately describing, labeling, marketing, and promoting it's the LED Lightbulbs.

59.    There is no adequate remedy at law.

60.    Defendant misleadingly, inaccurately and deceptively presents the Products to consumers.

61.     Defendant's improper consumer-oriented conduct—including making representations in the Products' labeling and advertising regarding their quality, characteristics reliability, durability, and longevity—is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Class to purchase and pay a premium for Defendant's Products and to use these Products when they otherwise would not have.

62.     Defendant made its illegal, untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

63.     Plaintiff and the Class have been injured by paying a premium for Product that that failed to live up to Defendant's representations regarding its quality, characteristics, reliability, durability, and longevity.  Accordingly, Plaintiff and the Class received less than what they bargained and/or paid for.

64.     Defendant's advertising, packaging and labeling of the Products induced Plaintiff and the Class to buy the Products and to pay a premium price for them.

65.     Defendant's deceptive, illegal, and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a), and Plaintiff and the Class have been damaged thereby.

66.     As a result of Defendant's recurring unlawful deceptive acts and practices, Plaintiff and the Class are entitled to monetary, compensatory, statutory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## COUNT II
## VIOLATION OF NEW YORK GBL § 350

67.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

68.    N.Y. Gen. Bus. Law § 350 ("GBL § 350") provides, in part:

False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

69.    N.Y. Gen. Bus. Law § 350-a(1) provides in pertinent part that:

The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual.

70.    Defendant's labeling and advertisements contain untrue, illegal, and materially misleading statements concerning Defendant's Products as they made misrepresentations regarding the quality, characteristics, reliability, durability, longevity, and benefits of the LED Lightbulbs as set forth herein.

71.    Plaintiff and the Class have been injured because they relied upon the labeling, packaging and advertising of the Products and paid a premium for Products that failed to live up to Defendant's representations regarding their quality, characteristics, reliability, durability, and longevity.  Accordingly, Plaintiff and the Class received less than what they bargained and/or paid for.

72.    Defendant's advertising, packaging and labeling induced Plaintiff and Class to buy Defendant's Products.

73.    Defendant made untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

74.    Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus.

Law § 350.

75.     Defendant made the material misrepresentations described in this Complaint in Defendant's advertising, and on the Products' packaging and labeling.

76.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

77.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and Class Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

<u>COUNT III</u>
**FRAUDULENT MISREPRESENTATION AND CONCEALMENT**

78.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

79.     Defendant, either directly and/or through agents, made material misrepresentations and concealed material information concerning the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs from its customers as set forth above.

80.     At the times Defendant misrepresented and concealed these material facts, Plaintiff and the Class had no knowledge of the material facts that Defendant misrepresented and failed to disclose.

81.     At all times relevant, Defendant had superior knowledge regarding the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs than did Plaintiff and the Class.

82.     By misrepresenting and failing to disclose material facts, Defendant intended that Plaintiff and the Class would rely upon such failures to disclose material facts.

83.     Defendant owed a duty to Plaintiff and the Class to disclose material facts related to their purchase of the LED Lightbulbs, including but not limited to the foregoing facts that concerned the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs.

84.     Plaintiff and the Class did, in fact, rely upon Defendant's failure to disclose all material facts and, as a consequence, became customers of Defendant and purchased the LED Lightbulbs.  Plaintiff and the Class relied to their detriment on Defendant's omissions of material facts and upon representations delivered through Defendant's marketing materials, including its website and advertisements.  Had Defendant disclosed to customers that its representations regarding the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs were false or were not substantiated at the time that were made, Plaintiff and Class members would not have purchased the LED Lightbulbs from Defendant, or would have paid less for them.

85.     As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and the Class have suffered injury in fact and/or actual damages in an amount to be determined at trial.

86.     Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT IV
## UNJUST ENRICHMENT

87.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

88.     Defendant has been unjustly enriched to Plaintiff's and the Class members' detriment as a result of Defendant's unlawful and wrongful retention of money conferred by Plaintiff and the Class who were unaware of Defendant's misrepresentations.

89.     Defendant's unlawful and wrongful acts, as alleged above, enabled Defendant to unlawfully receive monies it would not have otherwise obtained.

90.     Plaintiff and the Class have conferred benefits on Defendant, which Defendant has knowingly accepted and retained.

91.     Defendant's retention of the benefits conferred by Plaintiff and the Class would be against fundamental principles of justice, equity, and good conscience.

92.     Plaintiff and the Class seek to disgorge Defendant's unlawfully retained profits and other benefits resulting from its unlawful conduct, and seek restitution and rescission for the benefit of Plaintiff and the Class.

93.     Plaintiff and the Class are entitled to the imposition of a constructive trust upon Defendant, such that Defendant's unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiff and the Class.

## <u>COUNT V</u>
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

94.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

95.     Defendant sold the Products in their regular course of business.  Plaintiff and Class members purchased the LED Lightbulbs.

96.     The Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1) and New York law, respectively.  The Products cost more than five dollars.

97.     Plaintiff and Class members are "consumers" and "buyers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and New York law, respectively.

98.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) – (5).  Defendant is also a "manufacturer" and "seller" within the meaning of New York law, respectively.

99.     Defendant made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, the Class, and Defendant.

100.     Defendant's written affirmations of fact, promises and/or descriptions alleged herein are each a "written warranty."  The affirmations of fact, promises and/or descriptions constitute a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §2301(6) and New York law.

101.     By placing such products into the stream of commerce, by operation of law including the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*., and the New York Uniform Commercial Code § 2-314 and other applicable state laws, Defendant also impliedly warranted to Plaintiff and the Class that the LED Lightbulbs were of merchantable quality (i.e., a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, were free from material defects, and were reasonably fit for the use for which they were intended.

102.     Defendant breached all applicable warranties because the Products suffer from a latent and/or inherent defect that causes it to fail, rendering it unfit for its intended use and

purpose.  This defect substantially impairs the use and value of the Product.

103.    The latent and/or inherent defect at issue herein existed when the LED Lightbulbs left Defendant's possession or control and were sold to Plaintiff and the Class.  The defect was undiscoverable to Plaintiff and the Class at the time of purchase.

104.    All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of Plaintiff and others in terms of paying for the goods at issue.  Plaintiff provided Defendant and Defendant's Counsel notice of her breach of warranty claims by certified letter prior to bringing this suit.  Defendant, having been placed on reasonable notice of the defect in the Products and breach of the warranties, has had an opportunity for years to cure the defect for Plaintiff and all Class members, but has failed to do so.

105.    Defendant was on notice of the problems with the LED Lightbulbs based on the complaints it received directly from Plaintiff and Class members, and from the plethora of public complaints.

106.    Defendant breached their express and implied warranties, as the Product did not contain the properties Defendant represented.

107.    Defendant's breaches of warranty have caused Plaintiff and the Class to suffer injuries, pay for defective products, and enter into transactions they would not have entered into for the consideration paid.  As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and the Class have suffered damages and continue to suffer damages.

108.    As a result of the breach of these warranties, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the

benefit of their bargain.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, respectfully requests that this Court:

A.    Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

B.    Appoint Plaintiff as the representative of the Class, and her counsel as Class counsel;

C.    Award all actual, general, special, incidental, statutory, injunctive, and consequential damages to which Plaintiff and the Class are entitled;

D.    Award pre-judgment and post-judgment interest;

E.    Award reasonable attorneys' fees and costs; and

F.    Grant such further relief that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all issues within the instant action so triable.

Dated: April 9, 2019     Respectfully submitted,

           **THE SULTZER LAW GROUP, P.C.**

           By:  */s/ Jason P. Sultzer*
           Jason P. Sultzer, Esq.
           Michael Liskow
           85 Civic Center Plaza, Suite 104
           Poughkeepsie, NY 12601
           Phone: (845) 483-7100
           Fax: (888) 749-7747
           sultzerj@thesultzerlawgroup.com
           liskowm@thesultzerlawgroup.com

           Michael A. McShane
           S. Clinton Woods
           Ling Y. Kuang
           **AUDET & PARTNERS, LLP**
           711 Van Ness Avenue, Suite 500
           San Francisco, CA 94102-3275
           Phone: (415) 568-2555
           Fax: (415) 568-2556
           mmcshane@audetlaw.com
           cwoods@audetlaw.com
           lkuang@audetlaw.com

           Melissa S. Weiner
           Joseph C. Bourne
           **PEARSON, SIMON & WARSHAW, LLP**
           800 LaSalle Avenue, Suite 2150
           Minneapolis, Minnesota 55402
           Telephone: (612) 389-0600
           Facsimile: (612) 389-0610
           mweiner@pswlaw.com
           jbourne@pswlaw.com