**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEPHANIE WEDRA, on behalf of herself and
all others similarly situated,

                Plaintiff,

                v.

CREE, INC.

                Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 7:19-cv-03162-VB

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CREE, INC.'S**
**MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b)(6)**

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  RELEVANT FACTS ........................................................................................ 3

    A.  The Complaint ..................................................................................... 3

    B.  The Other Cases ................................................................................. 6

III.  ARGUMENT ................................................................................................. 7

    A.  Motion to Dismiss Standard. ........................................................... 7

    B.  The EPCA Preempts All of Plaintiff's Claims. ............................. 8

        1.  The EPCA .................................................................................. 8

        2.  Plaintiff's claims are all based on the useful life of the bulbs and are therefore preempted. ................................... 9

    C.  Each of Plaintiff's Claims Should Be Dismissed for Various Additional Reasons. .......................................................................... 14

        1.  Plaintiff's GBL Claims Should Be Dismissed Because Cree's Label Statements Comply with Federal Regulations. ............ 14

        2.  Plaintiff's Labeling Claims Based On Statements Outside the Lighting Facts Label Should Be Dismissed Because They Are Not False Or Misleading; They Are Really Disguised Warranty Claims. ............................................. 16

        3.  Plaintiff's Fraudulent Misrepresentation Claim Fails Because It Does Not Satisfy Rule 9(b). ............................. 17

        4.  Plaintiff's Express Warranty Claim Fails Because She Did Not Attempt to Return the Bulbs to Cree for Refund or Replacement. .......................................................................... 21

        5.  Plaintiff's "Implied Warranties" Claim Fails for Lack of Privity. ..................................................................................... 21

        6.  Plaintiff's Unjust Enrichment Claim Is Duplicative of Her Other Causes of Action. ......................................................... 22

IV.  CONCLUSION ............................................................................................. 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ATSI Commc'ns Inc. v. Shaar Fund Ltd.*,
    493 F.3d 87 (2d Cir. 2007)................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................7

*Bourbia v. S. C. Johnson & Son, Inc.*,
    __ F. Supp. 3d __, 2019 WL 1299690 (S.D.N.Y. March 21, 2019).......................22

*Cooper v. United Vaccines, Inc.*,
    117 F. Supp. 2d 864 (E.D. Wis. 2000)..........................................................................10

*Cytyc Corp. v. Neuromedical Systems, Inc.*,
    12 F. Supp. 2d 296 (S.D.N.Y. 1998).......................................................................14, 15

*Davis v. Avvo, Inc.*,
    345 F. Supp. 3d 534 (S.D.N.Y. 2018)............................................................................16

*Deutsche Bank Trust Co. Americas v. Rado Ltd. Partnership*,
    No. 18cv6768, 2019 WL 1863272 (S.D.N.Y. April 25, 2019)...............................17

*Dixon v. Ford Motor Co.*,
    No. 14-CV-6135, 2015 WL 6437612 (E.D.N.Y. Sept. 30, 2015) ...........................21

*Etcheverry v. Tri Ag Service, Inc.*,
    22 Cal. 4th 316 (2000) ...................................................................................................11

*Fanok v. Carver Boat Corp., LLC*,
    576 F. Supp. 2d 404 (E.D.N.Y. 2008) ...........................................................................21

*Freschi v. Grand Coal Venture*,
    551 F. Supp. 1220 (S.D.N.Y. 1982)...............................................................................19

*Gov. Employees Ins. Co. v. Park Slope Medical and Surgical Supply, Inc.*,
    No. 11-CV-4028, 2013 WL 12358178 (E.D.N.Y. July 12, 2013)....................17, 18

*Hole v. General Motors Corp.*,
    442 N.Y.S.2d 638 (N.Y. App. 1981) ..............................................................................21

*In re Fosamax (Alendronate Sodium) Prods. Liability Litig.*,
    No. 11-5304, 08-08, 2013 WL 1558697 (D.N.J. April 11, 2013) ..........................14

*In re Frito-Lay North America, Inc. All Natural Litig.*,
No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)...................................19, 20

*In re: General Motors LLC Ignition Switch Litig.*,
No. 14-MD-2543, 2016 WL 3920353 (S.D.N.Y. July 15, 2016) ...........................................17

*Jurgensen v. Felix Storch, Inc.*,
No. 12-1201, 2012 WL 2354247 (S.D.N.Y. June 14, 2012) ...........................................11, 12

*Kanter v. Warner-Lambert Co.*,
99 Cal. App. 4th 780 (Cal. App. 2002)...................................................................................10

*Kurtz v. Kimberly-Clark Corp.*,
321 F.R.D. 482 (E.D.N.Y. 2017).............................................................................................22

*Nguyen v. Cree, Inc.*,
Case No. 3:18-cv-02097-SB (December 6, 2018) (Req. for Judicial Notice,
Exh. 5)........................................................................................................................................7

*Punian v. Gillette Co.*,
No. 14-5028, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) .................................2, 12, 16, 17

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004)....................................................................................................18

*Schwartz v. Vizio, Inc.*,
No. 16-1883, 2017 WL 2335364 (C.D. Cal. May 23, 2017)..................................1, 10, 11, 12

*Tomassini v. FCA US LLC*,
No. 3:14-CV-1226, 2015 WL 3868343 (N.D.N.Y. June 23, 2015) .................................19, 20

*Trugman-Nash, Inc. v. New Zealand Dairy Bd.*,
942 F. Supp. 905 (S.D.N.Y. 1996) ...................................................................................17, 19

*Young v. Cree, Inc.*,
Case No. 4:17-cv-06252-DMR (October 27, 2017) .....................................................6, 10, 11

**Statutes**

42 U.S.C. §§ 6291-6309 ....................................................................................................................8

42 U.S.C. § 6297(g) ........................................................................................................................10

N.Y.G.B.L. § 349...........................................................................................................................3, 14

N.Y.G.B.L. § 349(d) ...................................................................................................................2, 14, 16

N.Y.G.B.L. § 350...........................................................................................................................3, 14

N.Y.G.B.L. § 350-d ................................................................................................................2, 16

**Rules**

Fed. R. Civ. Proc. 9(b) ........................................................................................................17, 18

**Regulations**

16 C.F.R. § 305.2(w) ..................................................................................................................15

16 C.F.R. § 305.15 ...............................................................................................................8, 15

**Other Authorities**

S. Rep. No. 94-516 (1975), reprinted in 1975 U.S.C.C.A.N. 1956 .................................................8

## I.     INTRODUCTION

This is the third purported class action case filed by the same group of lawyers against Defendant Cree, Inc.   In each case (the others are pending in California and Oregon), the plaintiffs allege Cree's light-emitting-diode ("LED") light bulbs do not last as long as represented on federally-mandated product packaging.   Like the plaintiffs in the other two cases, Plaintiff Stephanie Wedra does not allege why the bulbs do not last as long as represented, or, more importantly for purposes of a putative class action, that all the dozens of models, makes and styles of Cree bulbs suffer from a common design or other defect that causes them all to fail.   She merely claims that the unspecified number of bulbs she purchased "burned out within six months." (Compl. ¶¶ 41-42.)   On that basis, she attempts to transform what amounts to a simple, individual warranty claim into a class action.   Plaintiff's claims should be dismissed for the reasons stated below.

First, because Plaintiff's claims are all based on allegations that the Cree bulbs do not last as long as represented, they are expressly preempted by the Energy Policy and Conservation Act ("EPCA").   The ECPA mandates that light bulb packages must have a "Lighting Facts Box" that includes information regarding product life and energy savings. Since this information must be provided and it must be based on government-mandated testing, the EPCA further provides that product life and energy savings cannot be the basis for warranty or other state law claims.   Courts considering EPCA-compliant labels have consistently held that claims based on statements from the Lighting Facts Box are preempted.  *See, e.g.*, *Schwartz v. Vizio, Inc.*, No. 16-1883, 2017 WL 2335364, at *4 (C.D. Cal. May 23, 2017) ("[S]ection 6297(g) expressly preempts all of Plaintiff's claims—to the extent that they rely on the Lighting Facts label—because all of those claims allege that the

televisions did not perform as promised on a federally-required label.").  Further, because Cree's label statements are federally-mandated, compliant with FTC regulations promulgated under the EPCA, and approved by the Department of Energy, Plaintiff's New York General Business Law claims are barred.  *See* N.Y.G.B.L. §§ 349(d), 350-d.

Second, Plaintiff's fraud and GBL claims based on representations that are not included in the four corners of the Lighting Facts Box—that the bulbs have a 10-year warranty and are 100% satisfaction guaranteed—are also defective because they are actually disguised warranty causes of action.  No reasonable consumer would believe these statements amount to a promise that **every** Cree bulb will last 10 years.  *See Punian v. Gillette Co.*, No. 14-5028, 2016 WL 1029607 at *6 (N.D. Cal. Mar. 15, 2016) (finding representations about a battery's propensity to leak within 10 years a warranty and not an actionable misrepresentation).   And, in any event, these kinds of statements amount to no more than puffery; they are not actionable misrepresentations.

Third, Plaintiff's fraudulent misrepresentation claim fails because she has not met the requirements of Rule 9(b).  She does not allege why the purported representations regarding longevity and product performance are false with respect to each of the dozens of light bulb products that are the subject of her claims.  Nor has she sufficiently alleged what representations she personally relied on and when and where she saw them.  Neither has Plaintiff alleged—nor can she—that Cree knew its alleged misrepresentations were false and that it had an intent to defraud Plaintiff or the public.

Fourth, Plaintiff has failed to allege breach of express or implied warranty.  She cannot allege breach of Cree's express warranty because she never gave Cree the opportunity to refund or replace the bulbs at issue.  Her claims for breach of implied

warranties fail because there is no vertical privity between Plaintiff and Cree; she bought her bulbs at Home Depot.

Finally, Plaintiff's unjust enrichment claim should be dismissed because it is duplicative of her other claims.

Plaintiff cannot correct these defects by amendment. Accordingly, her Complaint should be dismissed without leave to amend.

## II.    RELEVANT FACTS

### A.    The Complaint

Plaintiff filed this putative class action on April 9, 2019, alleging claims for violation of the New York General Business Law §§ 349 and 350; fraudulent misrepresentation and concealment; unjust enrichment; and breach of express and implied warranties. According to Plaintiff, Cree made various representations on its product packaging, on its website, and on the internet that its bulbs have "a lengthy lifetime, last longer than competitor bulbs and last longer than their actual life." (Compl. ¶ 6.) These representations induced customers to buy Cree bulbs "at a premium because consumers believe the lightbulbs will last for far longer than their actual life." (*Id.* ¶ 7.) Her complaint recites representations that she saw and supposedly relied on, and representations that she did not see, such as statements from the Cree website and statements on product packages she did not purchase.

***The Representations Made to Plaintiff.*** Plaintiff alleges that she purchased an unspecified number of Cree 60-Watt and 75-Watt Standard A-Type bulbs from Home Depot "during the class period." (Compl. ¶ 41.) Parts of the packages for a 60-Watt Standard A-type Cree bulb and a 75-Watt Recessed Downlight Cree bulb are included on

pages 7 and 8 of the Complaint.  They are not alleged to be the packages for the products Plaintiff purchased; they are not even copies of the full product package.  For the Court's reference, Cree has included full copies of the packages for these products as Exhibits 6 and 7 to its Request for Judicial Notice.

Plaintiff claims she reviewed label statements for the products she purchased that "include, but are not necessarily limited to": representations of the bulbs' lifetimes ("22+" and "45+" years); estimated energy cost savings over the lifetime of the bulbs; and that the bulbs "would perform better than other less expensive LED and non-LED bulbs."[1]  (*Id.*)  Plaintiff also alleges that she viewed "some [unspecified] internet advertisements" representing that the bulbs "would last longer, use a fraction of the energy of incandescent bulbs, and save Plaintiff money."  *Id.*  According to Plaintiff, she relied on these statements when she purchased the Cree bulbs.  (*Id.* ¶ 42.)

Plaintiff does not allege she attempted to make a warranty claim for the bulbs that supposedly did not last as long as advertised.

***The Other Representations Not Specific to Plaintiff.***  Plaintiff alleges representations on product packages and on unspecified "advertising and marketing" materials she does not claim she even saw before making her purchase.  (*See* Compl., ¶ 36.)  The representations on various Cree product packages include the following:

- Defendant's labels advertise that the Products have a long lifetime of at least 13+ to up to 45+ years.

---

[1] Plaintiff's counsel knows from the extensive discovery and class certification briefing in the other cases they have filed that the packaging does not state that Cree bulbs perform better than less expensive LED or non-LED bulbs.

- Defendant's labels indicate that the Products have a 10 Year Warranty and are 100% Satisfaction Guaranteed.

- Defendant's labels indicate that the Products will save consumers hundreds of dollars per bulb of energy costs over the useful lifetime of the product.

(*Id.*)

The statements from the advertising and marketing materials include statements such as "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."  (*Id.*)  She also recites statements that compare the useful life of Cree LED bulbs to now-outdated incandescent bulbs.  (*Id.*)  Through these statements, Plaintiff alleges "Cree represented, directly or indirectly, expressly or by implication, that the LED Lightbulbs would last for specified periods or lifespans." (*Id.* ¶ 38.)

Plaintiff claims the statements are false because the bulbs do not last for the advertised time or lifespan.  (*Id.*)  She does not say why all the dozens of different bulbs Cree manufactures do not last as long as advertised, other than to make the conclusory allegation that "independent testing" and the experience of "numerous consumers" shows that the bulbs burn out more quickly than represented.  (*Id.* ¶ 25.)  The numerous consumers are not identified.  Instead, Plaintiff points to six online customer complaints sampled from various websites over an unspecified period of time for unspecified products. (Compl. ¶¶ 39-40.)  Plaintiff provides the source for only five of the six customer complaints.  (*Id.*)  Of those five, none are dated and each appears to have been posted to third-party sites and not to Cree's website.  (*Id.*)  Each comment states only that unspecified lamps failed sooner than expected.  (*Id.*)

## B.     The Other Cases.

*Young v. Cree.*   Plaintiff's Complaint in this case is similar to the Complaint and Amended Complaint filed by Jeff Young in a case being prosecuted by the same counsel in the Northern District of California.  *See Young v. Cree, Inc.,* Case No. 4:17-cv-06252-DMR (October 27, 2017)(Req. for Judicial Notice, Exhs. 1, 3).   In her order on Cree's motion to dismiss Plaintiff Young's Complaint, Judge Gonzalez Rogers identified three types of representations:    (1) reiterations of federally-required disclosures; (2) comparative performance; and (3) 100% satisfaction guaranteed.   She granted Cree's motion based on preemption as to any claims that "arise from statements which simply reiterate federally-required disclosures."  (April 9, 2018 Order at pp 8-9, Dkt. 42; Req. for Jud. Notice, Exh. 2.)   Judge Gonzalez Rogers denied the motion as to the comparative performance and 100% satisfaction claims. She held that the comparative claims (even though they were based on the longevity of the bulbs as stated in the Lighting Facts Box) could convey a false impression about superior lifetime and product performance.  (*Id.* at p. 10.)   She further held that 100% satisfaction guaranteed statements, even though they too are clearly based on longevity and cost savings, are not preempted because they are not required by the ECPA.  (*Id.*)

Judge Gonzalez Rogers denied a motion to dismiss the Amended Complaint based on the statements that were not preempted because she believed it was a question of fact as to whether these statements are actionable.  (August 2, 2018 Order at pp. 4-5, Dkt. 61; Req. for Jud. Notice, Exh. 4.)   Here, as explained in greater detail below, Plaintiff Wedra is attempting to allege claims based on statements the U.S. District Court for the Northern District of California has already found to be preempted under federal law.  To the extent

Plaintiff Wedra alleges claims that are not preempted, as explained below, those statements are not actionable in New York.

*Nguyen v. Cree.*  Plaintiff's counsel have also filed a case in the District of Oregon: *Nguyen v. Cree, Inc.*, Case No. 3:18-cv-02097-SB (December 6, 2018) (Req. for Judicial Notice, Exh. 5).  There, as here and in the Young case, Plaintiff Nguyen alleges fraudulent misrepresentation, unjust enrichment, breach of express and implied warranties, and violation of the state unfair trade practices act based on the federally-mandated contents of Cree's product labels and advertising that reiterates those statements.  Cree's motion to dismiss the *Nguyen* complaint is scheduled for hearing on July 30, 2019.

## III.   ARGUMENT

### A.   Motion to Dismiss Standard.

While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must still provide the grounds of his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That obligation requires more than a "formulaic recitation of the elements of a cause of action" that does not "raise a right to relief above the speculative level."  *Id.*  Thus, a complaint requires dismissal if it rests on allegations that are conclusory or unsupported by factual assertions.  *ATSI Commc'ns Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

For the reasons set forth below, Plaintiff has failed to satisfy the Rule 12 pleading standards for any of her claims.

**B.      The EPCA Preempts All of Plaintiff's Claims.**

**1.      The EPCA**

The EPCA established a comprehensive national energy conservation program to reduce energy use in the United States.  *See* S. Rep. No. 94-516, at 517 (1975), reprinted in 1975 U.S.C.C.A.N. 1956, 1957.  It created a statutory framework for energy efficiency testing and labeling of consumer home products, including LED light bulbs, and authorized the creation of energy efficiency requirements.  42 U.S.C. §§ 6291-6309.  This statutory framework includes federal regulations that require LED bulb manufacturers, like Cree, to provide specific information about their products in a "Lighting Facts" box on each product's packaging.  Specifically,  16 C.F.R. § 305.15 requires LED bulb manufacturers to include the light output, estimated annual energy cost ("in dollars based on usage of 3 hours per day and 11 cents ($0.11) per kWh"), and lifespan of the product on its package. The following is the Lighting Facts Box for the 60W bulb package, the front of which is copied at page 8 of the Complaint:



8

(Req. for Jud. Notice, Exh. 6.)

Cree does not have any discretion to omit the required information from the Lighting Facts box; the contents of the box are mandatory.  The information included in the Lighting Facts box is derived from laboratory tests that Cree must submit for ENERGY STAR qualification, during which ENERGY STAR both verifies Cree's laboratory tests, ensures the results are within required minimum ranges for energy efficiency, and confirms that the information on Cree's packaging, including the Cree's Lighting Facts box, accurately restates the tests.

### 2.   Plaintiff's claims are all based on the useful life of the bulbs and are therefore preempted.

All of Plaintiff's claims hinge on the allegation that her Cree bulbs did not last as long as the "lifespan" Cree cited on the bulb's label (thereby not delivering the anticipated energy savings).  *See* Compl. ¶ 34 (listing the supposed misrepresentations based on lifespan and energy savings—itself a function of lifespan multiplied by an assumed energy rate); ¶¶ 61, 70 (GBL claims premised on supposed misrepresentations about the "quality, characteristics, reliability, durability and longevity"); ¶ 79 (fraudulent misrepresentation claim based on the same allegations); ¶ 89 (unjust enrichment based on the "unlawful and wrongful acts as described above"); and ¶ 98 (breach of warranty premised on the "Products" suffering from an "inherent defect that causes [them] to fail").[2]

---

[2] One need only look at Plaintiff's list of "common questions of fact" to determine that her claims all derive from the Lighting Facts Label as they all entail questions about the bulbs' durability, life span, and energy savings.  *See, e.g.*, Compl. ¶ 48(b) ("Whether Defendant . . . sold LED lights . . . which do not last as long as their represented . . . life span and do not provide the promised cost savings.").

State-law warranty and fraud claims based upon these statements are expressly preempted.  42 U.S.C. § 6297(g) ("Any disclosure with respect to energy use, energy efficiency, or estimated annual operating cost . . . shall not create an express or implied warranty under State or Federal law."); *see also Schwartz v. Vizio, Inc.*, No. 16-1883, 2017 WL 2335364 at *1 (C.D. Cal. May 23, 2017).  That is exactly what Judge Gonzalez Rogers held in the *Young v. Cree* case.  (April 9, 2018 Order at pp 8-9, Dkt. 42; Req. for Jud. Notice, Exh. 2.)

Like the Plaintiff in *Young,* Plaintiff here will attempt to argue that preemption does not apply to statements outside the Lighting Facts Box.  That is not true.  Preemption applies to restatements of the information in the Lighting Facts Box even though the statements are set forth on the product package outside of the Lighting Facts Box.  *See Cooper v. United Vaccines, Inc.*, 117 F. Supp. 2d 864, 871-72 (E.D. Wis. 2000) (only advertisements or label "representations that are *substantially different* from the representations made in the EPA-approved label or packaging" are not preempted (emphasis added)).  The energy cost savings statements Plaintiff challenges—that Cree bulbs offer cost savings over their useful life—are an alternative way of stating what Cree is federally-required to disclose: the verified lifespan of its bulbs.  All of the challenged statements are thus covered by the requirements set forth in the EPCA and its regulations. 42 U.S.C. § 6297(g) ("Any disclosure with respect to *energy use, energy efficiency, or estimated annual operating cost* . . . shall not create an express or implied warranty under State or Federal law.") (emphasis added); *see also Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 797 (Cal. App. 2002) (holding claims preempted where "[t]he challenged statements . . . express in direct, straightforward, and easily understood language that

which is implicit in the mandatory labeling" and "are simply alternative explanations of the information that must be included under the monograph, not express warranties of benefits or results outside the scope of that federal requirement."); *Etcheverry v. Tri Ag Service, Inc.*, 22 Cal. 4th 316, 337 (2000) ("The critical question is whether the off-label statements merely repeat information in the label itself.  Where off-label statements address matters outside the scope of the label, an action may well lie.").[3]

Because Plaintiff alleges that Cree bulbs did not perform as promised based on statements contained in or derived from a federally-required label, the EPCA completely preempts each of her claims.  *See Jurgensen v. Felix Storch, Inc.*, No. 12-1201, 2012 WL 2354247, at *6-7 (S.D.N.Y. June 14, 2012) (agreeing that common law claims seeking to impose requirements different from or in addition to statutory requirements are preempted).[4]

This is true both for Plaintiff's warranty and non-warranty claims.  In *Schwartz v. Vizio, Inc.*, the plaintiff brought a putative class action alleging misrepresentations by a television manufacturer about a product's energy consumption.  No. 16-1883, 2017 WL 2335364 at *1 (C.D. Cal. May 23, 2017).  The *Vizio* plaintiffs alleged that the manufacturer made misrepresentations on product labeling required by the Federal Trade Commission,

---

[3] In the *Young* case, Judge Gonzalez Rogers dismissed claims based on statements that were not included in but were derived from the Lighting Facts Box.  (April 9, 2018 Order at p. 8, Dkt. 42; Req. for Jud. Notice, Exh. 2) ("Here, plaintiff's claims are preempted to the extent that such claims arise from . . . statements which merely reiterate the information required to be disclosed on the LED Bulbs' principal display panel or Lighting Facts label pursuant to the EPCA.").

[4] To Cree's knowledge, this case is the only S.D.N.Y. case addressing preemption under the EPCA.  In *Jurgensen*, the U.S. District Court for the Southern District of New York held a plaintiff's false advertising and related claims based on the contents of a federally-required label concerning the water consumption of freezers were not preempted where the manufacturer received notice from the Department of Energy that its freezers did not comply with federal regulations.  *Id.* at *1, *4-*5.

and brought nine claims for breach of various consumer protection statutes, breach of warranties, negligent and intentional misrepresentation, fraud, and unjust enrichment. *Id.* In response, Vizio moved to dismiss under Rule 12(b)(6), arguing that the EPCA preempted all of the plaintiffs' claims that relied on the label representations. *Id.* at *2. The District Court for the Central District of California agreed, holding that "each of Plaintiffs' seven non-warranty claims require wrongful underlying conduct . . . [and] allege that Vizio misrepresented [a feature of their product]. These claims are simply attempts to backdoor in a breach of warranty claim." *Id.* at *4. Accordingly, the *Vizio* Court held that all of Plaintiff's label misrepresentation-based claims were preempted by the EPCA and dismissed the complaint because "all of those claims allege that the televisions did not perform as promised on a federally-required label." *Id.*

The *Vizio* Court was not alone in finding that a plaintiff's consumer protection claims were an improper attempt to allege a breach of warranty. Other courts have held that the EPCA preemption analysis looks to the "gravamen" of the claim, not how it is styled by the plaintiff. *See also Jurgensen*, 2012 WL 2354247, at *6-7 (describing the plaintiff's "unjust enrichment" claim as a "backdoor breach of warranty claim"; in other words, "simply a reiteration" of the breach of warranty claim "under a different name"); *see also Punian*, 2016 WL 1029607 at *6 (N.D. Cal. Mar. 15, 2016) (finding representations about a battery's propensity to leak within 10 years a warranty and not an actionable misrepresentation). Here, as in *Vizio*, all of Plaintiff's claims rely on representations on the federally-required label and all allege "wrongful conduct" that, at base, constitutes a breach of warranty claim.

12

Plaintiff will attempt to make the same argument as the Plaintiff in *Young v. Cree*—that statements like "100% satisfaction guaranteed" and a "10 year warranty" coupled with statements that Cree bulbs provide specified lifetime energy savings when compared to standard bulbs are outside the Lighting Facts box and are separately actionable. Plaintiff will no doubt point to Judge Gonzalez Rogers' order on Cree's second motion to dismiss as support for this position. Plaintiff's reliance on Judge Gonzalez Rogers' order is misplaced. In her first Order, Judge Gonzalez Rogers correctly held that all claims based on or derived from the Lighting Facts Box are preempted. Plaintiff Wedra is clearly basing her claims on the longevity of the bulbs, which is exactly what is addressed in the Lighting Facts box and should be preempted. In her second Order, Judge Gonzalez Rogers denied Cree's motion to dismiss because she found there were issues of fact as to whether guarantee and warranty representations and statements regarding energy savings when compared to other bulbs could be misleading. Cree respectfully disagrees with this portion of Judge Gonzalez Rogers' order. All of these claims are still derived from allegations relating to product life or energy savings. Put another way, without allegations regarding the life of Cree's bulbs, there are no actionable allegations in this case.

Thus, because Plaintiff's state-law claims are all based on or inextricably intertwined with information on the bulb's federally required label, each is preempted. For the same reason, amendment of each claim would be futile. Accordingly, the Court should dismiss all of Plaintiff's claims as preempted by the EPCA.

C.      **Each of Plaintiff's Claims Should Be Dismissed for Various Additional Reasons.**

1.      **Plaintiff's GBL Claims Should Be Dismissed Because Cree's Label Statements Comply with Federal Regulations.**

Plaintiff brings two claims under Sections 349 and 350 of the New York General Business Law ("GBL").  (Compl. ¶¶ 56-77).  Both statutes have nearly identical safe harbor provisions which provide that in any action brought under each section, "it shall be a complete defense that the act or practice is subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or any official department, division, commission or agency of the United States. . . ."  N.Y.G.B.L § 349(d).  Section 350's provision, while specific to advertising, is otherwise substantively identical.  *Id.* § 350-d.  Courts interpreting these provisions have consistently held that where packaging and advertising statements are promulgated under and compliant with federal agency regulations, they cannot give rise to GBL claims.  *See, e.g., In re Fosamax (Alendronate Sodium) Prods. Liability Litig.*, No. 11-5304, 08-08, 2013 WL 1558697 at *8 (D.N.J. April 11, 2013) (granting summary judgment on false advertising and labeling claim where product and label approved by FDA).

Even where a plaintiff challenges statements that differ from regulation-compliant statements, the safe harbor still applies.  In *Cytyc Corp. v. Neuromedical Systems, Inc.*, a competitor brought counterclaims against a medical manufacturer alleging, in part, false advertising and violations of the New York General Business Law.  12 F. Supp. 2d 296, 301 (S.D.N.Y. 1998).  On the manufacturer's motion to dismiss, the court concluded that "representations by Cytyc that comport substantively with statements approved as accurate

14

by the FDA cannot supply the basis for NSI's claims." *Id.* at 301.  For example, the court held that the challenged representation that the product "identified more positive cases than the Pap smear" was similar enough to the FDA-approved statement that the product is "significantly more effective than the conventional Pap smear...." that it could not support the counterclaimant's cause of action.  *Id.*  The court reasoned that though the challenged representations did "not correspond precisely to statements that the FDA has approved, the challenged statements . . . are similar enough to the approved statements for the Court to conclude, as a matter of law, that they are neither false nor misleading." *Id.*

Here, as described above, Plaintiff's claims are based on label statements that are restatements of federally-mandated disclosures on the Cree Lighting Facts Box on each of its products.  Specifically, 16 C.F.R. § 305.15 requires LED bulb manufacturers to include the light output, estimated annual energy cost ("in dollars based on usage of 3 hours per day and 11 cents ($0.11) per kWh"), and lifespan of the product on its label.  The lifespan of an LED bulb, based on "3 hours operation per day," is defined as the "length of operating time of a statistically large group of lamps between first use and failure of 50 percent of the group."  16 C.F.R. § 305.2(w).

Thus, the representations  Plaintiff  challenges  either  reiterate  the information contained  in  the  Lighting  Facts  Box  or  provide  an  alternative  expression  of  the information  contained  in  the  Lighting  Facts  Box—for example, by converting lifespans expressed in years under the federal regulations into lifespans expressed in hours.  As in *Cytyc*,  each  of  the  statements  upon  which  Plaintiff  bases  her  claims  are  therefore "consistent  with  the  substantive  claims  approved"—and  in  some  cases,  mandated  by—

15

federal regulations.  *Id.* at 301.  Accordingly, Plaintiff's GBL claims should be dismissed under the safe harbor provisions of Sections 349(d) and 350-d.

> **2.    Plaintiff's Labeling Claims Based On Statements Outside the Lighting Facts Label Should Be Dismissed Because They Are Not False Or Misleading; They Are Really Disguised Warranty Claims.**

The supposed representations that are not set forth in or derived from the Lighting Facts Box are really disguised warranty claims that would not deceive a reasonable consumer.  *See Punian*, 2016 WL 1029607, at *6-8.  Specifically, Plaintiff cites to the 10-year warranty and the 100% Satisfaction Guarantee on the products' labels.  (Compl. ¶¶ 18, 32.)  As the Court in *Punian* explained, the word "Guarantee," and certainly the word "Warranty," generally create an express warranty.  2012 WL 1029607 at *6.  Using these words is thus not a promise that each individual bulb will last for the limited warranty period or the lifespan stated on the products' label.  *Punian*, 2016 WL 1029607 at *6-7 ("A reasonable person would understand the Duralock guarantee as a promise to repay, replace, or refund a battery that is in storage and fails within ten years of purchase—not a promise that Duralock Batteries have no potential to leak.").

Accordingly, here, that one or more of Plaintiff's Bulbs did not last ten or more years or that she was not 100% satisfied[5] does not mean Cree's statements on the labels were misleading, because a reasonable person would not believe that each bulb of millions

---

[5]  The "100% Satisfaction Guarantee" language is also non-actionable puffery, a determination the Court may make as a matter of law.  *Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 542 (S.D.N.Y. 2018) ("Courts can determine that a statement is puffery as a matter of law when the statement does not provide a concrete representation.").

will last 45 years; rather, a reasonable consumer would understand that if a handful happen to not last that long, Cree will provide a replacement or a refund.  *Punian*, 2016 WL 1029607 at *8 ("Accordingly, the potential of Duralock Batteries to leak in storage, regardless of how storage is defined, does not determine whether the Duralock guarantee is likely to mislead reasonable consumers.").  As a result, Plaintiff's causes of action based on these representations should be dismissed without leave to amend.

### 3.   Plaintiff's Fraudulent Misrepresentation Claim Fails Because It Does Not Satisfy Rule 9(b).

When a plaintiff alleges fraud, she must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Though intent and knowledge may be alleged generally, "a plaintiff must plead facts giving rise to a strong inference of actual knowledge [to] survive a motion to dismiss."  *Deutsche Bank Trust Co. Americas v. Rado Ltd. Partnership*, No. 18cv6768, 2019 WL 1863272 at *4 (S.D.N.Y. April 25, 2019).  A plaintiff may not bring a fraud claim based on speculation or conclusory allegations. *Trugman-Nash, Inc. v. New Zealand Dairy Bd.*, 942 F. Supp. 905, 924 (S.D.N.Y. 1996). The plaintiff must also "specify the statements that the plaintiff contends were fraudulent" and "state where and when the [allegedly fraudulent] statements were made."  *Gov. Employees Ins. Co. v. Park Slope Medical and Surgical Supply, Inc.*, No. 11-CV-4028, 2013 WL 12358178 at *4 (E.D.N.Y. July 12, 2013).  Where a plaintiff fails to satisfy Rule 9(b), the claim should be dismissed.  *In re: General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2016 WL 3920353 at *6 (S.D.N.Y. July 15, 2016).

Here, Plaintiff generally describes the contents of some label representations she claims to have reviewed, but does not limit her claim to those representations.  Compl. ¶

41.   Instead, Plaintiff alleges that the representations "include, but are not necessarily limited to" three categories of statements.   *Id.*   In trying to leave open the door to add allegedly fraudulent representations, Plaintiff fails to satisfy Rule 9(b), which requires that she specifically identify the representations that she reviewed and upon which she relied. *Gov. Employees Ins. Co.*, 2013 WL 12358178 at *4.   Plaintiff's failure to specify when she bought the bulbs and presumably reviewed Cree's label representations—Plaintiff alleges only that she bought bulbs "during the class period," (Compl. ¶ 41)—compounds this problem, as Cree's packaging has changed over time.   Cree is entitled to notice of the circumstances surrounding the fraud claim against which it must defend.   *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (Rule 9(b)'s particularity requirement "provide[s] a defendant with fair notice of a plaintiff's claim").   That Plaintiff cannot or will not specifically and fully identify all the statements on which her fraud claim is based, including when she reviewed the alleged representations, requires that the claim be dismissed under Rule 9(b).

Because she has not identified the statements upon which she relied, Plaintiff does not adequately allege falsity.   At most, she makes the conclusory allegation that "[i]ndependent testing, as well as the experience of Plaintiff and numerous consumers, demonstrate that Defendant's lightbulbs burn out far more quickly than advertised, sometimes within a matter of weeks or months."   (Compl. ¶ 25.)   Despite "independent testing," Plaintiff does not identify a common defect that would cause millions of bulbs to fail before the end of their useful life as verified in the Lighting Facts Box for each product.   Thus, she has not alleged the statements she relied on were false and if so, why they were false.

In addition, the Complaint does not contain essential allegations concerning knowledge of falsity and intent to deceive. *Freschi v. Grand Coal Venture*, 551 F. Supp. 1220, 1230 (S.D.N.Y. 1982) ("[T]he elements of fraud are misrepresentation, knowledge of falsity, intent to deceive, reliance and injury."). Knowledge of falsity "cannot be alleged in conclusory terms." A plaintiff "must be able to allege particulars regarding a defendant's awareness or discovery of the facts upon which plaintiff relies for the claim of fraud." *Trugman-Nash*, 942 F. Supp. at 924. Similarly, New York law requires a plaintiff to plead sufficient facts to "give rise to an inference of fraudulent intent." *In re Frito-Lay North America, Inc. All Natural Litig.*, No. 12-MD-2413, 2013 WL 4647512 at *25 (E.D.N.Y. Aug. 29, 2013). Plaintiffs may demonstrate the requisite "strong inference" of fraudulent intent by alleging either "facts to show that defendants had both motive and opportunity to commit fraud" or "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.*

In *Tomassini v. FCA US LLC*, the plaintiff brought class action claims for unfair and deceptive trade practices and breach of warranties, alleging that a minivan he purchased suffered from defective valve stems. No. 3:14-CV-1226, 2015 WL 3868343 at *2 (N.D.N.Y. June 23, 2015). The plaintiff alleged that Chrysler had knowledge of the corrosion risk inherent to its alloy valve stems and supported that allegation by referencing an anonymous online comment complaining of stem corrosion in which the author indicated that he or she was involved in the industry and had observed a high incidence of valve stem corrosion on Chrysler's vehicles. *Id.* at *6. The court found these allegations insufficient to show that Chrysler had knowledge of the defect prior to the plaintiff's purchase of his vehicle. *Id.* The court subsequently considered the plaintiff's more

detailed allegations concerning notice to Chrysler of a defect. *Id.* Specifically, the court found plaintiff's allegations that Chrysler representatives and dealerships admitted valve stem corrosion was a recurring issue to be sufficient evidence of knowledge of a defect to survive a motion to dismiss. *Id.* Here, Plaintiff does not allege that Cree had any knowledge that its representations are false. Though Plaintiff includes anonymous internet complaints regarding unspecified products—to "evidence the impact" of Cree's alleged misrepresentations (Compl. ¶¶ 39-40)—as in *Tomassini*, citations to anonymous internet comments do not show that a manufacturer was aware of a defect. *See id.* at \*6. In fact, Plaintiff's only allegation concerning Cree's knowledge is that Cree has "superior knowledge" about its bulbs as compared to the general public. (Compl. ¶ 81). This allegation is insufficient.

Neither does Plaintiff allege, anywhere in the Complaint, that Cree intended to defraud her or other consumers. (*See generally* Compl.). Instead, Plaintiff states that Cree's labeling and advertising are designed to "induce its customers to purchase the LED Lightbulbs at a premium," enabling Cree "to charge a premium price" for its bulbs. (Compl. ¶¶ 7, 12, 43). But "a court cannot infer from allegations showing that the wrong-doer made more money a motive and opportunity to commit fraud." *In re Frito-Lay*, 2013 WL 4647512 at \*25. This is because, under New York law, "a generalized motive to … increase sales and profits" cannot equate to fraudulent intent. *Id.* Plaintiff therefore has failed to allege knowledge of falsity and intent to defraud. Accordingly, her claim must be dismissed for failure to comply with Rule 9(b). *Id.* at \*26.

4. **Plaintiff's Express Warranty Claim Fails Because She Did Not Attempt to Return the Bulbs to Cree for Refund or Replacement.**

Plaintiff's Complaint makes no allegations about any attempt to return Plaintiff's bulbs to Cree for refund or replacement, as set out in the express written warranty on Cree's packaging.  This omission is a critical defect in her express warranty claim.  *Hole v. General Motors Corp.*, 442 N.Y.S.2d 638, 640 (N.Y. App. 1981) (affirming dismissal of express warranty claim where plaintiff "never presented GM with the opportunity to comply with the express warranty").  Because Plaintiff did not allow Cree the opportunity to honor its express warranty, Plaintiff's claim must be dismissed.

5. **Plaintiff's "Implied Warranties" Claim Fails for Lack of Privity.**

Plaintiff alleges she purchased her bulbs from Home Depot, a distributor, and has not alleged any injury other than the "price premium" she paid for the bulbs.  (Compl. ¶¶ 41, 42.)  She is therefore not in privity with Cree and this claim should be dismissed.  *Hole*, 442 N.Y.S.2d at 640 (affirming dismissal of implied warranty claim seeking recovery for only economic loss where no privity existed between remote purchaser and manufacturer); *Fanok v. Carver Boat Corp.*, LLC, 576 F. Supp. 2d 404, 413 (E.D.N.Y. 2008) ("There can be no implied warranty claim because there is no privity between [manufacturer] and plaintiff has alleged only economic injury.").[6]

---

[6] New York differs from California—and Judge Gonzalez Rogers' opinion—in this area of law, where no exception to the privity requirement exists for purchasers relying on advertising materials.  *See Dixon v. Ford Motor Co.*, No. 14-CV-6135, 2015 WL 6437612 at *4-*6 (E.D.N.Y. Sept. 30, 2015) (discussing two exceptions to privity requirement for implied warranty claims under New York law).

**6.      Plaintiff's Unjust Enrichment Claim Is Duplicative of Her Other Causes of Action.**

Plaintiff's claim for unjust enrichment should be dismissed because it is duplicative of her tort and contract claims. *Bourbia v. S. C. Johnson & Son, Inc.*, __ F. Supp. 3d __, 2019 WL 1299690 at *7 (S.D.N.Y. March 21, 2019) (granting motion to dismiss unjust enrichment claim where it relied on the same conduct that formed the basis of plaintiff's fraud, breach of warranty, and consumer protection statute claims); *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 527 (E.D.N.Y. 2017) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."). Here, because Plaintiff's unjust enrichment claim is premised on the same allegations as her other causes of action (*cf.* Compl. ¶¶ 61, 70, 79, 89, 98), it must be dismissed as duplicative.

## IV.      CONCLUSION

Plaintiff's claims are preempted under the EPCA and suffer from additional defects that require their dismissal. For these reasons, Cree respectfully requests that the Court dismiss Plaintiff's claims without leave to amend.

Dated: June 14, 2019
         New York, New York

                                   Respectfully submitted,

                                   **KATTEN MUCHIN ROSENMAN LLP**

                                   By:  */s/  Craig A. Convissar*
                                   Craig A. Convissar
                                   craig.convissar@kattenlaw.com
                                   575 Madison Avenue
                                   New York, NY 10022

Ph.: (212) 940-8800
Fax: (212) 940-8776

Stuart M. Richter (*pro hac vice* application forthcoming)
stuart.richter@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Ph.: (310) 788-4400
Fax: (310) 788-4471

*Attorneys for Defendant Cree, Inc.*