UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEPHANIE WEDRA, on behalf of herself and all others similarly situated,

        Plaintiff,

        v.

CREE, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 7:19-cv-03162-VB

~~**PROPOSED ORDER REGARDING STIPULATION FOR**~~ **PROTECTIVE ORDER**

Pursuant to the Parties' Stipulation for Protective Order, entered into by the Parties to govern discovery of all things and information in the possession, custody, or control of the Parties, or of third parties, that constitute or contain trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, in the above-captioned action,

**IT IS HEREBY ORDERED** that the Stipulation is **APPROVED** and pursuant to the Local Rules and Rule 26(c) of the Federal Rules of Civil Procedure, all Parties in the above-captioned matter must comply with the following obligations in this litigation:

    1.    As used in the Protective Order, these terms have the following meanings:

        (a) "**Attorneys**" means counsel of record and includes in-house counsel for a Party;

        (b) "**Party**" or "**Parties**" shall mean any or all parties to this action;

        (c) "**Producing Party**" shall mean a Party or non-party on whose behalf the Discovery Material is produced, furnished, or disclosed, during the course of this action, in response to requests for production of documents, interrogatories,

requests for admission, depositions, subpoenas, or any other requests for discovery pursuant to the Federal Rules of Civil Procedure;

(d) "**Receiving Party**" shall mean any Party or non-party to whom Protected Discovery Material is produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoenas, deposition notices, or court orders, by any Producing Party in this action;

(e) "**Designating Party**" means any Party or non-party that opts to designate any Discovery Material or portion thereof as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order;

(f) "**Discovery Material**" means any documents, things, testimony, written discovery responses, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure, or any applicable Local Rule) that are produced, disclosed, served, or filed in the action, as defined below, by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoenas, depositions notices, or motion practice, and whether revealed in a document, a deposition, or a response to any type of written discovery (including interrogatories and requests for admission);

(g) "**Protected Discovery Material**" means all documents, tangible items, testimony, written discovery responses, and information that have been properly designated by any Party or non-party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order.

2

2. **Criteria for Designation.** A Party or non-party may designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only in accordance with the following procedures:

(a) **"CONFIDENTIAL" Material.** A Party or non-party (the "Designating Party") may designate Discovery Material as "CONFIDENTIAL" if the Party or non-party reasonably and in good faith believes that the material contains or comprises a trade secret or other proprietary or otherwise sensitive or confidential non-public business, technical, sales, marketing, financial or other commercial information.

(b) **"ATTORNEYS' EYES ONLY" Material.** The Designating Party may designate Discovery Material as "ATTORNEYS' EYES ONLY" if the Party or non-party reasonably believes that the material (i) qualifies as "CONFIDENTIAL" as defined above; and (ii) the confidentiality of such material cannot be adequately maintained so as to protect the reasonable interests of the Designating Party unless the disclosure of the material is limited to the persons to whom "ATTORNEYS' EYES ONLY" material may be disclosed pursuant to this Order.

3. **Manner of Designation.** The Designating Party shall designate Protected Discovery Material in the following manner:

(a) For documents, by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of such document. Any Discovery Material not reduced to documentary form shall be designated by the Producing Party in a reasonably equivalent way.

(b) For tangible items, by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the item, or if such is not practicable, as otherwise agreed by the parties;

(c) For testimony, by (i) designating such testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the time periods allowed pursuant to paragraph 4(c) of this Order; and (ii) requesting that the court reporter place the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover; any testimony taken by the parties during which Protected Discovery Material is being disclosed shall be taken as if <u>in camera</u> without any persons in attendance other than the persons listed in Paragraph 6 below, except that the parties may by unanimous consent agree that additional persons may attend; and

(d) For declarations, affidavits, written discovery responses, court filings or pleadings, by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the face of such document.

(e) The Parties will use reasonable care to avoid designating as confidential any Discovery Material that does not need to be designated as such.

4. **Time of Designation.** Unless otherwise agreed, the designation of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made at the following times:

(a) For documents, at the time of the production of documents;

(b) For declarations, affidavits, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

(c) For testimony, either (i) at the time that such testimony is given, or (ii) within thirty (30) days after the receipt of the transcript of such testimony by the Designating Party; and

(d) For documents received from a third-party in response to a subpoena, within thirty (30) days after the receipt of such documents by the Designating Party.

5. **Resolution of Disputes Regarding Designation.** If a Receiving Party believes that any information is improperly designated as provided in this Order, it may, at any time, contest such designation by sending written notice to the Designating Party. If the parties cannot in good faith resolve the dispute, the Receiving Party may move the Court for an order removing or changing the designation; provided, however, that the Designating Party shall have the burden of proving that such particular Protected Discovery Material is properly designated. Protected Discovery Material that is subject to a dispute shall be treated as originally designated until the parties agree or the Court orders otherwise.

6. **Persons to Whom Protected Discovery Material May Be Disclosed.**

   (a) **Disclosure of "CONFIDENTIAL" Material.** Material designated as "CONFIDENTIAL" may be disclosed, and copies may be provided, only to the following:

   i. The Parties, including officers, directors and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action and the Parties' Attorneys, including the Attorneys' support staff, legal assistants, and clerical personnel;

   ii. Any expert witness or consultant (collectively, "**Expert**") retained by a Party or its respective attorneys in connection with this action, but only after such person has been provided with a copy of this Order and has acknowledged his or her willingness to abide by the Order by executing the attached Confidentiality Agreement;

   iii. Any witness who may testify at a deposition or trial in this action with respect to Confidential Material, but only after such person has been provided with a copy of this Order and has acknowledged his or her willingness to abide by the Order by executing the attached Confidentiality Agreement;

iv. Any non-party support services including, but not limited to, outside copying services, court reporting services, court reporters, and videographers as may be reasonably necessary in connection with the preparation or conduct of this action; and

v. The Court and its personnel and any mediator or arbitrator having jurisdiction over this action.

(b) **Disclosure of "ATTORNEYS' EYES ONLY" Material.** Material designated as "ATTORNEYS' EYES ONLY" may be disclosed, and copies may be provided, only to the following:

i. The Parties, including officers, directors and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action and the Parties' Attorneys, including the Attorneys' support staff, legal assistants, and clerical personnel;

ii. Any expert witness or consultant (collectively, "**Expert**") retained by a Party or its respective attorneys in connection with this action;

iii. Any non-party support services including, but not limited to, outside copying services, court reporting services, court reporters, and videographers as may be reasonably necessary in connection with the preparation or conduct of this action; and

iv. The Court and its personnel and any mediator or arbitrator having jurisdiction over this action.

(c) **Additional Authorized Disclosure of Protected Discovery Materials.** Notwithstanding anything to the contrary in ¶¶ 6(a) or 6(b) of this Order, particular Protected Discovery Materials that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided:

      i. To any other persons with the prior written consent of the Designating Party; and

      ii. To any other persons with the prior authorization of the Court.

7. **Disclosure and Use of Protected Discovery Material.** The Receiving Party shall not disclose Protected Discovery Material except in accordance with this Order, nor use Protected Discovery Material for any purpose other than preparing for and conducting the prosecution and defense of the claims between or involving the parties to this proceeding and any review or appellate proceedings that may follow. Disclosure of any Protected Discovery Material shall be limited to disclosure reasonably necessary for the prosecution and defense of claims in this proceeding.

8. **No Limitation on Ability to Advise Clients.** Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of documents or information designated as Protected Discovery Material; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content or the source of such information or documents contrary to the terms of this Order.

9. **Filings with This Court.** If a Party files Protected Discovery Material with this Court, it shall do so in compliance with the Local Rules and Electronic Case Filing Procedures for the Southern District of New York. Prior to disclosure of Protected Discovery Material at trial or a hearing, the Parties may seek further protections against public disclosure from the Court. In connection with any motion filed with this Court, only those portions of a Party's submission (*e.g.*, memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of

protection from public filing (*e.g.*, because they are subject to attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as confidential or protected by any Party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement.

10. **Duty to Return Documents and Things.** Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each Party shall, at its option, either return to the Designating Party or destroy all Protected Discovery Material received from the Designating Party, and shall destroy in whatever form stored or reproduced all work product and any other documents or tangible things that contain or refer to Protected Discovery Material. Outside Counsel for any Party or non-party properly receiving Protected Discovery Material shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties to this action. Counsel of record may retain one set of all papers filed with the Court, including any Protected Discovery Material filed under seal. Protected Discovery Material used as exhibits in hearings or other aspects of this matter may be resealed at the request of either Party.

11. **Inadvertent Disclosure of Protected Discovery Material.** Inadvertent failure to identify documents or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information pursuant to the terms of this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent disclosure. At such time, arrangements shall be made for the

Designating Party to appropriately mark the information in accordance with the terms of this Order. The Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege, protection, immunity or designation is resolved by agreement of the Parties or by the Court. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or items not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

12. **Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent production of documents or items subject to work-product immunity, the attorney-client privilege, or other applicable immunity or privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) business days after the earlier of (a) the Producing Party's discovery of the inadvertent production; or (b) its use in pleadings, motions or deposition testimony by the Receiving Party. The Receiving Party shall not use the inadvertently produced documents and items during depositions, hearings, or at trial and shall not show the inadvertently produced documents and items to anyone who has not already been given access to them prior to the notification of the inadvertent production. If, after conferring, the Parties are unable to reach a satisfactory agreement, the Producing Party may file a motion regarding the matter, but must do so within ten (10) business days after conferring with the Receiving Party. The Receiving Party shall not disclose to any person the document or thing for which the belated claim of immunity or privilege is being made, other than those persons who have had it in their possession prior to receipt of notification from the Producing Party, until ten (10) business days after receipt of the notification or, if a motion seeking the return of the inadvertently disclosed

9

documents or information is filed with the Court, until the disposition of any such motion. If a Receiving Party becomes aware that it is in receipt of Discovery Material that it knows or reasonably should know is privileged, protected, or immune, counsel for the Receiving Party shall immediately take steps to (i) stop reading such Discovery Material; (ii) notify counsel for the Producing Party of such Discovery Material; (iii) collect all copies of such Discovery Materials; (iv) return or sequester such Discovery Material to the Producing Party; and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

13. **Subpoena of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information.** If any individual or entity subpoenas, orders production, or requests discovery of Protected Discovery Material that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of same and shall not produce the Protected Discovery Material until the Designating Party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps.

14. **Duty to Report.** When any attorney of record in this action becomes aware of any violation of this Order, or of a Confidentiality Agreement, or of facts constituting good cause to believe that a violation of this Order or such Confidentiality Agreements may have occurred, such attorney shall promptly report any such violation to this Court and to Outside Counsel for the Designating Party.

15. **Continuing Jurisdiction.** After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to

Protected Discovery Material pursuant to this Order, in order to enforce the provisions of this Order.

16. **Limitations of Order.** The restrictions set forth in any of the preceding paragraphs shall not apply to material that:

(a) was, is, or becomes public in a manner other than by violation of this Order;

(b) was already lawfully possessed by the non-designating Party before the disclosure by the Designating Party (except for documents or items in the possession of the non-designating Party that are subject to a confidentiality or non-disclosure agreement); or

(c) was independently developed by the non-designating Party by personnel who did not receive or have access to the Designating Party's Protected Discovery Material.

17. **Modification or Amendment of Order.** This Order is without prejudice to the right of any Party to seek modification or amendment of this Order by further Order of this Court upon motion and notice.

    **IT IS SO ORDERED.**

DATED: July 9, 2020

                                       VINCENT BRICCETTI
                                       United States District Judge

# EXHIBIT A – CONFIDENTIALITY AGREEMENT TO PROTECTIVE ORDER

I, _____, having been retained by _____ as a _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to Protected Discovery Material supplied by other parties and/or non-parties, as defined in the Protective Order entered in the above-referenced matter on _____. I further state the following:

1. My present address is: _____
_____.

2. My present employer is: _____
_____.

3. My present occupation or job description is: _____
_____.

4. Attached is a copy of my current resume or curriculum vitae.

5. I certify my understanding that the Protected Discovery Material is being provided to me pursuant to the terms of the Protective Order and that I have been given a copy of and have read and understand my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the Protected Discovery Material

and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such material.

6. I will return on request all Protected Discovery Material, copies thereof, and notes that I have prepared relating thereto, to outside counsel of record for the party to whom I am associated.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Agreement pursuant to the Protective Order and waive all objections to jurisdiction and venue.

DATED: _____    Signature: _____

Printed Name: _____