**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEPHANIE WEDRA, on behalf of herself and
all others similarly situated,

                Plaintiff,

                v.

CREE, INC.

                Defendant.

Civil Action No.: 7:19-cv-03162-VB

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CREE, INC.'S**
**MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL**
**PROCEDURE 12(b)(1)**

i

I. __Introduction__

   Plaintiff Stephanie Wedra ("Ms. Wedra") brings this purported class action against Defendant Cree, Inc. ("Cree") on behalf of consumers who supposedly paid a price premium based on alleged misrepresentations regarding the longevity and energy savings of Cree LED lamps.  Ms. Wedra alleges that she purchased three Cree LED lamps—two 60-watt A-type lamps and one downlight—that failed prematurely.   (Docket Entry No. 1, Complaint ("Compl.") ¶ 41; Docket Entry No. 68, Memorandum of Law in Support of Motion for Class Certification ("Cert. Mtn.")  at p. 7.)   Based on these allegations, Ms. Wedra seeks to represent a class of consumers who purchased 60-watt and 100-watt A-type Cree LED lamps during the class period.  (Cert. Mtn. at p. 1.)

   Ms. Wedra's individual claims must be dismissed, however, because she admitted at her deposition that her mother—not Ms. Wedra—purchased the lamps at issue.  Ms. Wedra has not paid any price premium of any kind, has not suffered an injury, and therefore she lacks Article III standing.

II. __Relevant Facts__

   When Ms. Wedra supposedly purchased the Cree LED lamps on which she bases her lawsuit, she lived with her mother in a home that her mother owned.   (Transcript of the Deposition Testimony of Stephanie Wedra ("Wedra Tr.," annexed as Exhibit 1 to Declaration of Rebecca Lindahl, Esq.) 90:4-8, 114:21-115:7.)  Ms. Wedra purchased three Cree LED lamps using her mother's money for her mother's use in her mother's home.  (*Id.* 110:25-111:7, 114:21-115:7, 120:4-8.)  Specifically, Ms. Wedra testified that after she purchased the Cree lamps from The Home Depot for use in her mother's condominium in the summer of 2018, her mother installed the Cree A-type lamps in her mother's bedroom, and her uncle

installed the downlight in the ceiling of her mother's kitchen.  (*Id.* 120:4-22, 122:3-123:5.)

Critically, Ms. Wedra did not pay for the lamps about which she now complains.  Ms. Wedra did not have employment outside of the home and had no source of income in the summer of 2018 when she purchased the lamps from The Home Depot.  (Wedra Tr. 32:18-34:17, 83:9-16.)  Ms. Wedra testified that her mother would occasionally give Ms. Wedra cash with which to purchase household items for use in her mother's home.  (*Id.* 110:16-111:7.)  Ms. Wedra was adamant that she purchased the Cree lamps at issue with cash, and confirmed under oath that if she had cash to purchase LED lamps, her mother provided it to her.  (*Id.* 70:15-24, 101:10-16, 107:12-108:13, 109:6-110:13.)

Not only did Ms. Wedra purchase the Cree LED lamps for ***her mother's*** home and use, but she also did not pay the bill for electricity service at her mother's home.  (Wedra Tr. 148:22-24.)  Accordingly, to the extent Ms. Wedra seeks any damages based upon expected energy savings, it is Ms. Wedra's mother—not Ms. Wedra herself—who would have realized such savings.

## III.   <u>Argument</u>

Standing is a threshold jurisdictional issue that may be raised at any time.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."); *Cent. States Se. & Sw. Area Health & Welfare Fund v. Merck-Medso Managed Care, LLC*, 433 F.3d 181, 198 (2d. Cir. 2005) ("Because the standing issue goes to the Court's subject matter jurisdiction, it can be raised sua sponte."); *Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2015) ("Defects in subject matter jurisdiction may be raised at any time during the proceedings.").  It is also appropriate to raise standing at the class-certification stage.  *See,*

*e.g., Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 563 (S.D.N.Y. 2016) (finding that standing may be raised at the class-certification stage).

A motion to dismiss for lack of standing may be a fact-based challenge supported by extrinsic evidence. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d. Cir. 2017).  If a defendant puts forward evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial.  *Id.*  If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d. Cir. 2016).

To establish individual Article III standing, a plaintiff must present an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  This means the plaintiff must demonstrate that she has: (i) suffered an actual injury; (ii) that is traceable to the defendant's conduct; and (iii) that is redressable by a federal court decision.  *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998).  In class actions, the lead plaintiff must have standing to assert both her own claims and claims brought on behalf of the putative class.  *In re Veon Ltd. Secs. Litig.*, No. 15-cv-08672 (ALC), 2021 WL 930478 at *6 (S.D.N.Y. Mar. 11, 2021); *Amador v. Andrews*, 655 F.3d 89, 99 (2d. Cir. 2011) ("Of course, a class action cannot be sustained without a named plaintiff who has standing.").  In other words, for each claim in a class action, there must be a class representative with individual standing to assert that claim.  *Id.*  Where a lead plaintiff does not have individual standing, it is appropriate for the Court to dismiss the lead plaintiff's claims before certifying a class.  *See, e.g., Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) ("The unnamed class members are not technically part of the action until the court has certified the class;

148577585v1

therefore, one the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted.").

Ms. Wedra filed a motion for class certification relying solely upon the expert opinions of Dr. Andreas Groehn to support her argument that damages can be proven on a class-wide basis and therefore class certification is appropriate.  (*See* Docket Entry No. 67-3.)  Dr. Groehn explains that his model plans to estimate damages necessary to "make consumers whole had they known at the point and time of their purchase that [Cree's] representations on the longevity were false." (Docket Entry No. 66-3 ¶ 23.)  Dr. Groehn thus opines that damages can be determined through a conjoint analysis and will be measured by the price premium that consumers allegedly paid for a longer life and higher energy savings. (*See generally* Groehn Rep.)

Ms. Wedra did not incur a price premium under the damages theory propounded by Dr. Groehn and cannot satisfy the requirements of Article III standing.  In fact, Ms. Wedra incurred ***no*** damages under ***any*** theory because she did not pay for or use any Cree bulbs. Ms. Wedra was given money by her mother to pay for the bulbs and her mother used the bulbs in her house.  Ms. Wedra, who had no independent source of income in the summer of 2018 when she obtained the bulbs from The Home Depot, testified that her mother provided her with cash, and that she used the provided cash at The Home Depot for items for her mother's condominium, including the Cree LED lamps at issue in this case.  (Wedra Tr. 32:18-34:17, 83:9-16, 110:16-111:7.)  Thus, to the extent a price premium was paid, it was paid by Ms. Wedra's mother.

Under questioning by her counsel, Ms. Wedra testified that the cash she used to purchase her mother's bulbs for use in her mother's condominium was nevertheless Ms.

Wedra's, and elaborated on redirect that notwithstanding that it was cash her mother provided to her for the purchase of items for her mother's condominium, it was "her" cash because it was "in [her] wallet."  (Wedra Tr. 173:5-10.)  Ms. Wedra's testimony improperly conflates her role in purchasing the bulbs with her mother's money—essentially, completing an errand for her mother—with incurring an actual injury under Article III.  Though Ms. Wedra transported her mother's money in her wallet to The Home Depot, she exchanged **her mother's** money for Cree LED lamps to be used in **her mother's** home.  That Ms. Wedra physically completed the sale does not mean that she is the person who allegedly incurred a price premium and therefore suffered an injury under Article III.  If that were true, and her mother used a messenger service to pick up the bulbs, then the messenger would have standing to prosecute this action.  That is not the law.

Neither could Ms. Wedra have been injured by a failure to realize expected energy savings.  It was also Ms. Wedra's mother, and not Ms. Wedra, who paid for the electricity that powered the Cree LED lamps installed in her mother's condominium.   Ms. Wedra was not injured by lost energy savings—she paid no energy costs at all.

In sum, Ms. Wedra has not suffered any actual injury, and thus cannot meet the first element required to demonstrate standing under Article III.  Cree thus requests that Ms. Wedra's complaint be dismissed for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated: April 23, 2021
        New York, New York

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

5

By:  */s/ Craig A. Convissar*

Craig A. Convissar
575 Madison Avenue
New York, NY 10022
craig.convissar@katten.com
Ph: 212-940-6369
Fax: 212-940-8776

Stuart M. Richter (admitted *pro hac vice*)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
stuart.richter@katten.com
Ph: 310-788-4400
Fax: 310-712-8434

Rebecca K. Lindahl (admitted *pro hac vice*)
550 S. Tryon Street, Suite 2900
Charlotte, NC 28202
rebecca.lindahl@katten.com
Ph.: 704-344-3141
Fax: 704-344-2277

*Attorneys for Defendant Cree, Inc.*

148577585v1