UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STEPHANIE WEDRA, individually and on
behalf of others similarly situated,
                        Plaintiff,

v.

CREE, INC.,
                        Defendant.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

19 CV 3162 (VB)

Briccetti, J.:

      Plaintiff Stephanie Wedra brings this putative class action against defendant Cree, Inc. ("Cree"), under New York General Business Law Sections 349 and 350, and for fraudulent misrepresentation and concealment, based on her purchase of Cree's 60-Watt and 75-Watt LED light bulbs from a Home Depot store in Westchester County.[1]  According to plaintiff, although Cree's packaging and advertising claimed that "(1) the bulbs would last 22+ or 45+ years"; (2) she would "save upwards of hundreds of dollars per bulb over the lifetime of the bulbs"; and (3) "the bulb would perform better than less expensive LED and non-LED bulbs," (Complaint ¶ 41), the light bulbs she purchased burned out within six months of her purchase.

      Now pending are the following:  (i) plaintiff's motion for class certification (Doc. #64); (ii) Cree's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) (Doc. #73), (iii) Cree's two motions to strike two of plaintiff's expert reports (Docs. ##76, 79), and (iv) plaintiff's letter-motion for an extension of the current class certification briefing schedule (Doc. #84).

---

[1]     By Opinion and Order dated March 20, 2020, the Court dismissed plaintiff's other claims.  (Doc. #27).

1

For the following reasons, Cree's Rule 12(b)(1) motion is DENIED; the motion for an extension of the class certification briefing schedule is GRANTED; and the motion for class certification and motions to strike are TERMINATED without prejudice.

I. Rule 12(b)(1) Motion

Cree argues plaintiff lacks standing to bring this case because plaintiff testified she bought the bulbs "using her mother's money for her mother's use in her mother's home." (Doc. #74 ("Def. Br.") at ECF 2).[2] According to Cree, this means plaintiff's mother—not plaintiff herself—purchased the bulbs at issue, and therefore plaintiff has not suffered an injury for Article III standing based upon expected energy savings because plaintiff's mother—not plaintiff—would have realized such savings.

The Court disagrees.

Article III standing requires "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).[3] Moreover, at each stage of the litigation, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 56 (2d Cir. 2016).

Here, plaintiff argues she was injured because she paid a price premium for the light bulbs based on the expectation of higher energy savings and a longer bulb-life. During her deposition, when asked whose money she used to purchase the light bulbs at issue in this case,

---

[2] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

she responded, "I used my money." (Doc. #83-1 at ECF 12). And although plaintiff did testify that her mother sometimes gave her cash, she did <u>not</u> testify that her mother gave her cash specifically for the purpose of buying the light bulbs at issue or that her mother gave her the specific cash she used to buy the bulbs. Rather, plaintiff testified that she had <u>her</u> cash in <u>her</u> wallet and that she believed she used that cash to buy the light bulbs. (<u>Id</u>. at ECF 13). Plaintiff has met her burden to establish Article III standing.

II. <u>Request for Extension</u>

On January 22, 2021, the Court issued the Second Revised Discovery Plan and Scheduling Order, which set a briefing schedule for the parties' class certification and related motions. (Doc. #57). On February 26, 2021, plaintiff filed a motion for class certification. (Doc. #64). On April 30, 2021, Cree filed two motions to strike. (Docs. ##76, 79).

By letter-motion dated May 11, 2021, plaintiff requests an extension of the briefing schedules for the pending motions. Plaintiff notes that she might file a motion to strike. Plaintiff also submitted a proposed revised Civil Case Discovery Plan and Scheduling Order. Cree consented to the proposed extended dates. (Doc. #84).

The requested briefing extensions are GRANTED. The Court will separately sign and docket the Third Revised Civil Case Discovery Plan and Scheduling Order.

However, given the now lengthy briefing schedule, and in the interest of judicial economy and efficiency, the pending motion for class certification and the motions to strike shall be terminated without prejudice to re-filing. (Docs. ##64, 76, 79). With respect to these three terminated motions and plaintiff's contemplated motion to strike, the parties shall serve upon each other all papers in support of these four motions in accordance with the Third Revised Civil Case Discovery Plan and Scheduling Order. **However, the parties are ORDERED <u>not</u> to file their motion papers on the ECF docket on their due dates. Rather, the parties are directed**

**to file ALL motion papers on the ECF docket on October 1, 2021, or on the date the motions are fully briefed, whichever is later.**

As soon as practicable thereafter, the parties shall submit courtesy copies to the Court in accordance with Judge Briccetti's Individual Practices, ¶ 2.A. The courtesy copies shall bear on the top of each page the ECF header automatically printed by the Court's Electronic Case Filing system.

The Clerk is instructed to terminate the motions. (Docs. ##64, 73, 76, 79, 84).

Dated: May 24, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge