```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STEPHANIE WEDRA,                                              :
                        Plaintiff,                            :
                                                              :    MEMORANDUM
                                                              :    OPINION AND ORDER
v.                                                            :
                                                              :    19 CV 3162 (VB)
CREE, INC.,                                                   :
                        Defendant.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is plaintiff's motion for reconsideration (Doc. #122) of the Court's Opinion and Order dated June 13, 2022 (Doc. #118 ("Opinion")), in which the Court denied plaintiff's motion for class certification.

For the reasons set forth below, the motion for reconsideration is DENIED.

The Court assumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

I. Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).[1]  Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also SDNY Local Civil Rule 6.3. The

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

1

movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

II.     Application

Plaintiff argues the Court committed clear error in denying class certification by misconstruing the section of the report of plaintiff's expert Dr. Gary R. Allen (Doc. #100-2 ("Allen Report")) concerning temperature testing, and failing to consider the California Public Utilities Commission ("CPUC Testing") study cited in the Allen Report.[2]

The Court disagrees.

With respect to Dr. Allen's temperature testing, plaintiff contends the Court erred in ignoring or discounting Dr. Allen's conclusion that certain of his tested bulbs that failed to overheat—meaning exceed his "Target Maximum"—at 25ºC, nevertheless would have overheated had they been tested at 45ºC. However, other than the unsupported assumption of

---

[2] Because the Court accepted and considered Dr. Allen's Target Maximums for the purpose of the Opinion, plaintiff's argument that the CPUC Testing supports the Target Maximums selected by Dr. Allen is irrelevant.

Dr. Allen, plaintiff has proffered no evidence of defendants' bulbs being tested, or overheating, at 45ºC.  Indeed, the CPUC Testing the Allen Report relies on—and the Court allegedly ignored—"rigorously adhered to" the industry LM-84-20 standard that "[a]mbient temperature during maintenance test[ing] . . . be maintained at 25 +/- 5ºC."  (Allen Report at 10, 13).

Moreover, Dr. Allen's extrapolation of how the bulbs would perform at 45ºC does not change the fact that Dr. Allen attributed the purported defect in defendant's lightbulbs to different flaws depending on the particular lamp architecture, thwarting any contention that the Allen Report identifies a cognizable common defect among the at-issue products.  (Allen Report at 48–56).

Therefore, the Court did not misread the Allen Report, or ignore the CPUC Testing.  Instead, the facts in the Allen Report and the CPUC Testing do not support a cognizable class-wide overheating defect.  Plaintiff has failed to identify any material facts the Court overlooked.

Plaintiff's reliance on Glazier v. Whirlpool, 722 F.3d 838 (6th Cir. 2013), is misplaced.  In that case, the alleged design defect—that the washing machines failed to self-clean resulting in the development of "biofilm"—applied identically to the at-issue models.  See id. at 847–48.  In contrast, as discussed above, the Allen Report's explanation of the defect behind the purported overheating depends on the particular bulb's lamp architecture.  Moreover, even if Glazier was factually applicable, it is neither binding nor controlling on this Court.  Thus, plaintiff fails to identify any controlling law the Court overlooked.

Having carefully reviewed its earlier decision and the parties' briefing, the Court concludes it did not overlook facts or precedent that might have altered the conclusions reached in the Opinion.  Accordingly, there is no need to correct a clear error, and plaintiff does not argue

3

she suffered any manifest injustice. That plaintiff disagrees with the Court's conclusion does support a grant of reconsideration.

## CONCLUSION

The motion for reconsideration is DENIED.

Counsel are reminded that by August 12, 2022, they shall submit a joint letter regarding case management issues, and that the Court will conduct a status conference on August 19, 2022, at 10:00 a.m. in Courtroom 620 at the White Plains Courthouse.

The Clerk is instructed to terminate the motion. (Doc. #122).

Dated: July 21, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge